**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**Case No. 2:26-cr-117**
**Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**WILLIAM CARL SAMUEL CAMPER,**

**Defendant.**

# REPORT AND RECOMMENDATION

The United States of America and Defendant William Carl Samuel Camper, Sr. entered into a plea agreement whereby Defendant agreed to enter a plea of guilty to Counts I and II of the Information, which charge him with violating 18 U.S.C. §§ 922(g)(1), 924(a)(8), 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C). (Doc. 16).

On August 13, 2026, Defendant, accompanied by counsel, appeared for an arraignment. Defendant consented, under 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj*, 25 F. App'x 290, 291 (6th Cir. 2001) (holding that a magistrate judge may accept a guilty plea with the express consent of the Defendant and where no objection to the report and recommendation is filed). During the hearing, the Undersigned observed the appearance and responsiveness of Defendant in answering questions. Based on those observations, the Undersigned is satisfied that, at the time he entered him guilty plea, Defendant was in full possession of his faculties, was not suffering from any apparent physical or mental illness, and was not under the influence of narcotics or alcohol.

Before accepting Defendant's plea, the Undersigned addressed Defendant personally and in open court and determined him competence to plead. Based upon the Undersigned's observations, Defendant understands the nature and meaning of the charge in the Information and the consequences of his guilty plea to Counts I and II of the Information. Defendant was also addressed personally in open court and advised of each of the rights referred to in Rule 11 of the Federal Rules of Criminal Procedure.

Having engaged in the colloquy required by Rule 11, the Court concludes that Defendant's plea is voluntary. Defendant acknowledged that the plea agreement signed by him, his attorney and the attorney for the United States, and filed represents the only promises made by anyone regarding the charges in the Information. Defendant was advised that the District Judge may accept or reject the plea agreement and that, even if the Court refuses to accept any provision of the plea agreement not binding on the Court, Defendant may nevertheless not withdraw the guilty plea.

Defendant confirmed the accuracy of the material aspects of the statement of facts supporting the charge. He confirmed that he is pleading guilty to Counts I and II of the Information because he is in fact guilty of the offenses charged in the Information. The Court concludes that there is a factual basis for the plea.

The Court concludes that Defendant's plea of guilty to Counts I and II of the Information is knowingly and voluntarily made with understanding of the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that Defendant's guilty plea to Counts I and II of the Information be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by Defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide Information, and Defendant's attorney may be present if Defendant so wishes. Objections to the presentence report must be made in accordance with the Court's rules.

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: August 13, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE